IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | |
|---|---|
| ISABEL AVILES,<br><br>    *Plaintiff*,<br><br>v.<br><br>EQUIFAX INFORMATION SERVICES,<br>LLC, *et al.*,<br><br>    *Defendants*. | CIVIL ACTION NO.<br>5:25-cv-00467-TES |

## ORDER DENYING MOTION TO DISMISS

World Omni Financial Corp. d/b/a/ Southeast Toyota Finance (hereafter "WOFC") seeks a with-prejudice dismissal of Plaintiff Isabel Aviles' amended complaint against it pursuant to Federal Rule of Civil Procedure 12(b)(6). [Doc. 44]; [Doc. 59, p. 1]. Turning to the pleading standards set forth in Rule 8(a) and Rule 10(b), WOFC argues that Plaintiff's amended complaint is so elusive and indescript that it just can't unravel exactly what it allegedly did wrong or why it's being sued. [Doc. 59, p. 3]. In fact, it goes so far as to claim that Plaintiff's amended complaint is so indecipherably bad that it should be paid in the form of sanctions for even having to try to respond.

Of the eight defendants that have appeared in this case, only one—WOFC— argues that the operative pleading is so deficiently pled that it's "akin to . . . obstruction of justice." [Doc. 59, p. 3 (quoting *Mhied v. Minchew*, 3:23-cv-00105-TES, 2023 WL

8480060, at *4 (M.D. Ga. Dec. 7, 2023))]; *see also Jackson v. Bank of Am., N.A.*, 898 F.3d 1348, 1357 (11th Cir. 2018); *see, e.g.* [Doc. 44], *in connection with* [Doc. 46 (Experian Information Solutions, Inc.'s answer to amended complaint)]; [Doc. 49 (Citibank N.A.'s answer to amended complaint)]; [Doc. 51 (Trans Union LLC's answer to amended complaint)]; [Doc. 53 (Capital Management Services LP's answer to amended complaint)]; [Doc. 54 (Equifax Information Services LLC's answer to amended complaint)]; [Doc. 55 (Credit Control LLC's answer to amended complaint)]; [Doc. 58 (Capital One Bank NA's answer to amended complaint)].[1] Let's start with what the Federal Rules of Civil Procedure require and see if Plaintiff really obstructs justice with her amended complaint.

A.    **Shotgun Pleadings**

"Rule 8(a)(2) requires a plaintiff to draft [a] complaint to "contain . . . a short and plain statement of the claim showing that the pleader is entitled to relief." *Mheid*, 2023 WL 8480060, at *2 (quoting Fed. R. Civ. P. 8(a)(2)). "Rule 10(b) requires a plaintiff to draft [a] complaint to state her claims "in numbered paragraphs, each limited as far as

---

[1] When she sought leave to amend her original complaint, Plaintiff stated that the amended complaint removes all allegations with respect to The Bank of Missouri which was served on November 6, 2025. [Doc. 35-1, p.1]; [Doc. 42, p. 2 ¶ 4(a)]. Although removed from the caption of the amended complaint, the substance of that pleading still contains a few references to The Bank of Missouri. *See e.g.* [Doc. 44, p. 1]; [Doc. 44, ¶¶ 19, 34 & 50 (as part of factual allegations), 67, and heading above 83]. In her motion for leave to amend, however, Plaintiff noted that the Court has the authority to drop The Bank of Missouri as a party pursuant to Rule 21. [Doc. 42, p. 2 ¶ 4(a) (citing Fed. R. Civ. P. 21)]. Thus, based on her representations, the Court **DROPS** The Bank of Missouri as a party to this case and **DIRECTS** the Clerk of Court to **TERMINATE** it accordingly. Fed. R. Civ. P. 21.

practicable to a single set of circumstances." *Id.* at *3 (quoting Fed. R. Civ. P. 10(b)). Further, under Rule 10(b), "[i]f doing so would promote clarity, each claim founded on a separate transaction or occurrence . . . must be stated in a separate count." *Id.*

When it comes to WOFC's efforts to have the Court dismiss it from this case, the Eleventh Circuit has been clear that it and the district courts within this circuit should have "little tolerance" for complaints that violate those rules. *Weiland v. Palm Beach Cnty. Sheriff's Off.*, 792 F.3d 1313, 1320 (11th Cir. 2015); *Vibe Micro, Inc. v. Shabanets*, 878 F.3d 1291, 1295 (11th Cir. 2018). Why? Because those rules "require a plaintiff to 'present [her] claims discretely and succinctly, so that . . . [her] adversary can discern what [s]he is claiming and frame a responsive pleading.'" *Mheid*, 2023 WL 8480060, at *2 (quoting *Weiland*, 792 F.3d at 1320). In its admonishment of shotgun pleadings, the Eleventh Circuit has identified four types of pleading characteristics that give district courts the authority to dismiss a complaint purely because it runs afoul of Rules 8(a)(2) and 10(b). *Id.* at *3 (quoting *McDonough v. City of Homestead*, 771 F. App'x 952, 955 (11th Cir. 2019)); *Jackson*, 898 F.3d at 1357 ("This is why we have condemned shotgun pleadings time and again, and this is why we have repeatedly held that [district courts have] authority to dismiss a shotgun pleading on that basis alone."); *Vibe Micro, Inc.*, 878 F.3d at 1295 ("A district court has the 'inherent authority to control its docket and ensure the prompt resolution of lawsuits,' which includes the ability to dismiss a complaint on shotgun pleading grounds.") (quoting *Weiland*, 792 F.3d at 1320). However, "[i]n the special

circumstance of non-merits dismissals on shotgun pleading grounds," the Eleventh Circuit requires district courts to allow a litigant one chance to remedy such deficiencies. *Vibe Micro, Inc.*, 878 F.3d at 1295–96. As discussed above, Plaintiff has taken advantage of her "one chance to replead," but WOFC argues she "squandered that opportunity." *Id.* at 1296; [Doc. 42, ¶ 6]; [Doc. 43]; [Doc. 44]; [Doc. 59, p. 9 (quoting [Doc. 41, p. 4]) ("Plaintiff's counsel argued that 'the appropriate remedy' was to permit amendment rather than dismiss, and this Court granted Plaintiff that opportunity to correct her pleading.")].

The four types of shotgun pleadings in the Eleventh Circuit are:

> (1) multiple counts that each adopt the allegations of all preceding counts; (2) conclusory, vague, and immaterial facts that do not clearly connect to a particular cause of action; (3) failing to separate each cause of action or claim for relief into distinct counts; or (4) combining multiple claims against multiple defendants without specifying which defendant is responsible for which act.

*Mheid*, 2023 WL 8480060, at *3 (quoting *McDonough*, 771 F. App'x at 955). Even though there are four different types of shotgun pleadings identified in the Eleventh Circuit, "the unifying characteristic" for all of them is that they fail to give a defendant "adequate notice of the claims against [it] and the grounds upon which each claim rests." *Id.* (quoting *Weiland*, 792 F.3d at 1323).

### B.   WOFC's Motion to Dismiss

WOFC states that Plaintiff's amended complaint "contains two unnumbered paragraphs and 70 numbered paragraphs of general factual allegations followed by four

counts against nine defendants." [Doc. 59, pp. 4, 9]. That's simply not how Plaintiff has structured her amended complaint. Nevertheless, in the most general sense, WOFC's gripe with Plaintiff's amended complaint stems from its assertion that she "continues to lump WOFC with multiple defendants without adequately specifying which factual allegations support which claims against WOFC." [Doc. 59, pp. 3, 8]. The Court, however, cannot agree that her amended complaint "improperly lumps" WOFC with multiple defendants such that WOFC does not have "adequate notice of the claims against [it] and the grounds upon which each claim rests." *Mheid*, 2023 WL 8480060, at *3 (quoting *Weiland*, 792 F.3d at 1323); [Doc. 59, p. 8].

Throughout both of its efforts to dismiss Plaintiff's case against it on shotgun pleading grounds, WOFC didn't even bother with telling Plaintiff or the Court which specific portions of the allegations were confusing or unclear. [Doc. 32]; [Doc. 59]. Despite 24 pages across two briefs, WOFC merely lays out this case's procedural history, discusses the relevant case law about what constitutes a shotgun pleading, repeatedly notes how district courts have the authority to dismiss on shotgun pleading grounds, and how they should do so (and are safe to do so) when a litigant tries but fails to fix an impermissible complaint. Considering how WOFC twice attacked Plaintiff's pleadings, it seems WOFC simply hoped the Court would bite at its arguments and rubber stamp its motion.

The Court has thoroughly reviewed Plaintiff's amended complaint, and truth be

5

told, it's kind of shocking that WOFC can't (or won't take the time to) figure out the claims asserted against it given how Plaintiff meticulously groups the "labels" of her defendants. To the extent WOFC still needs help deciphering Plaintiff's amended complaint, the Court goes through her causes of action count by count.

First, although WOFC is designated as one of the six "FCRA Defendants," Plaintiff clearly states that the alleged violations of §§ 1681e(b), 1681c, and 1681i of the Fair Credit Reporting Act, 15 U.S.C. § 1681, *et seq.*, are lodged against Equifax Information Services LLC; Experian Information Solutions, Inc.; and Trans Union LLC, which are collectively labeled as the "CRA Defendants." [Doc. 44, pp. 2, 13]; [Doc. 44, ¶ 68]. Since WOFC is not a CRA Defendant and is not specifically included in Plaintiff's allegations in Count I, WOFC needn't worry about that count.

In Count II, though, Plaintiff alleges three ways WOFC, as a "furnisher," violated § 1681s-2(b) under the Fair Credit Reporting Act. [Doc. 44, ¶¶ 13, 84–85, 90–93]. WOFC, along with Citibank N.A. and Capital One N.A., is plainly designated as one of Plaintiff's "Furnisher Defendants." [Doc. 44, ¶¶ 13, 15, 17, 83, 90–93]. So, wherever WOFC sees the words "Furnisher Defendants," it should pay careful attention to that claim and the allegations that pertain to it.

In Count III, Plaintiff proceeds under the Fair Debt Collection Practices Act, 15 U.S.C. §§ 1692–1692p. [Doc. 44, ¶¶ 94–102]. But, in Count III, Plaintiff says that the alleged violations under the Fair Debt Collection Practices Act are against the "FDCPA

6

Defendants," and as luck would have it, Plaintiff quite clearly tells us that Capital Management Services, LP and Credit Control, LLC are the FDCPA Defendants. [Doc. 44, pp. 2, 19]. Thus, Count III does not concern WOFC.

Lastly, in Count IV, Plaintiff's common-law tort claim, she states that it's against the "Furnisher Defendants and the FDCPA Defendants." [Doc. 44, p. 20]. Does WOFC fall into either one of those "labels?" It does! Thus, Count IV is asserted against WOFC. *See, e.g.*, [Doc. 44, ¶¶ 13, 104, 109–11].

A shotgun pleading argument—like the one WOFC insists on in this case—is an "often-lobbed, run-of-the-mill argument made by most defendants," but it "just isn't applicable in this case." *Kennedy v. Stein*, No. 5:21-cv-00106-TES, 2021 WL 4509167, at *6 (M.D. Ga. Oct. 1, 2021). "When the events from [a complaint] are placed in some semblance of chronological order, they are 'set forth . . . in sufficiently comprehensible fashion' for [a defendant] and [a court] to 'understand and address them.'" *Id.* (quoting *Isaac v. United States*, 809 F. App'x 595, 598 (11th Cir. 2020)). To show just how comprehensible Plaintiff's claims are against WOFC, the Court easily—quite easily, parsed through her amended complaint and mapped out (where WOFC apparently could not) her allegations and causes of action against it. "Frankly, that's all a complaint must do—it must "give . . . [a defendant] adequate notice of the claims against [it] and the grounds upon which each claim rests." *Id.* at *6 (quoting *Isaac*, 809 F. App'x at 599).

Plaintiff's amended complaint is not a shotgun pleading simply because WOFC

doesn't want to take the time to figure it out. WOFC's motion to dismiss on shotgun pleading grounds is **DENIED**.[2] Lastly, the Court notes that WOFC failed to file a reply brief to Plaintiff's response brief filed on May 27, 2026. *See* LR 7.3 ("A party shall serve any desired reply brief, argument, or affidavit within fourteen (14) days after service of respondent's response, brief, or affidavit.").

  **SO ORDERED**, this 11th day of June, 2026.

S/ *Tilman E. Self, III*       
**TILMAN E. SELF, III**
**UNITED STATES DISTRICT JUDGE**

---

[2] In light of this ruling, WOFC's request for sanctions under 28 U.S.C. § 1927 is **DENIED** as well.